NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RYAN P. HAGANEY, | Civil Action No. 17-7944 (SRC) |
| Plaintiff, | |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CHESLER**, District Judge

This matter comes before the Court on the appeal by Plaintiff Ryan P. Haganey ("Plaintiff"), of the final decision of the Commissioner of Social Security ("Commissioner"), determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning July 1, 2013. A hearing was held before ALJ Leonard Olarsch (the "ALJ") on November 19, 2015, and the ALJ issued an unfavorable decision December 28, 2015, finding Plaintiff not disabled. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of December 28, 2015, the ALJ made the following findings. The ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ consulted an orthopedist, Dr. John W. Axline, and a psychiatrist, Dr. Rita W. Clark, and found that Plaintiff retained the residual functional capacity to perform at a light exertional level with some limitations. Specifically, the ALJ found Plaintiff could lift or carry 20 pounds occasionally or frequently; could stand or walk for four hours and sit for six hours during an eight-hour workday; and that Plaintiff would be limited to occasional postural maneuvers. The ALJ additionally found that Plaintiff would be precluded from any exposure to dangerous machinery or unprotected heights. Finally, the ALJ found that Plaintiff could be off-task for 10% of the workday due to pain. At step four, the ALJ also found that Plaintiff did not retain the residual functional capacity to perform his past relevant work as a finisher in product production or as a construction maintenance worker. At step five, the ALJ consulted a vocational expert and concluded that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity, including such representative occupations such as cafeteria attendant, presser, and non-postal mail clerk. Thus, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act during the relevant time period.

Plaintiff contends that the decision should be reversed on five principal grounds: 1) the ALJ erred by denying Plaintiff's request for a consultative examination of his orthopedic condition prior to rendering a decision; 2) at step three, the ALJ erred by failing to consider Plaintiff's pancreatitis in conjunction with his other impairments in finding Plaintiff did not meet any of the Listings; 3) at step four, the ALJ improperly determined Plaintiff's residual functional capacity, because it was based on the testimony of a medical expert not qualified to give expert

testimony on the conditions of chronic pancreatitis and seizure disorders; 4) The ALJ erred in discrediting Plaintiff's self-evaluation in assessing the intensity, persistence, and limiting effects of his pain; and 5) the ALJ erred by failing to consider the totality of the evidence in assessing Plaintiff's disability status. Defendant counters that the ALJ properly supported his decision with substantial evidence from the record, and should be affirmed. The Court agrees with Defendant.

This Court reviews the Commissioner's decisions under the substantial evidence standard. This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.2d 357, 360 (3d Cir. 2004). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981).

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which

concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410. Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, he might have proven his disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in his favor, based on the existing record, he is quite unlikely to show that an error was harmful.

Plaintiff's first argument, that the ALJ erred by failing to order a consultative examination as Plaintiff requested, is unsupported by any law and without merit. As discussed, at steps one through four, Plaintiff bears the burden of proof, as well as the burden of showing that any error was harmful. Further, to the extent that the Claimant appears to argue that the ALJ erred in failing to order a consultative examination as to Plaintiff's orthopedic condition, the Court finds that the ALJ properly acted within his discretion. See 20 C.F.R. § 416.919 ("The decision to purchase a consultative examination will be made on an individual case basis in accordance with the provisions of § 416.919a through § 416.919f."); 20 C.F.R. § 416.919a ("If we cannot get the information we need from your medical sources, we **may** decide to purchase a consultative examination.") (emphasis added). The ALJ's decision contains a lengthy discussion of the medical evidence of record, including evaluations by treating physician(s), consultative examinations, and evaluations by state agency medical consultants. The ALJ also heard testimony from an orthopedist who reviewed the available medical evidence. Moreover, the Third Circuit has stated that "the ALJ's duty to develop the record does not require a consultative

4

examination unless the claimant establishes that such an examination is necessary to enable the ALJ to make the disability decision." Thompson v. Halter, 45 F. App'x 146, 149 (3d Cir. 2002) (citing 20 C.F.R. §§ 404.1517, 416.917, Turner v. Califano, 563 F.2d 669, 671 (5th Cir. 1997)). Plaintiff cites to no Third Circuit case law or authority to support the argument that the ALJ was required to order the consultative examination. The record was sufficient for the ALJ to make a proper determination. Thus, the ALJ was not required to send Plaintiff for a consultative examination and acted within his discretion.

As to step three, Plaintiff has not come close to persuading this Court either that the ALJ erred or that any error was harmful. At step three, Plaintiff argues, in general, that the severity of his combined impairments equals one of the Listings. Plaintiff's recitation of the evidence considered by the ALJ, and the ALJ's discounting of the testimony of Plaintiff, does not even begin to demonstrate that the ALJ erred, much less demonstrate that a harmful error occurred. To show that such an error was harmful, Plaintiff would need to, at a minimum, point to evidence of record that might have sustained his burden of proof of disability. Plaintiff's brief contains no analysis that provides support for the contention that certain of Plaintiff's impairments, considered in combination, equal in severity a *particular* Listing. At best, Plaintiff argues that he was "on a clear path" to meeting one of the Listings at the time of the hearing. However, Plaintiff himself essentially concedes that he did not meet or equal any of the Listings. See ECF No. 11 at 15 ("In the present case, [Plaintiff's] orthopedic injury, where documented in the record, demonstrates that he **nearly meets 104(A)** . . . . **he probably meets this listing**") (emphasis added). Plaintiff asserts that "[h]is BMI on October 20, 2015 **did not quite meet a listing,** but when considering the chronic pain associated with pancreatitis in conjunction with the significant weight loss as well as the orthopedic condition, [Plaintiff's] combination of impairments meets a

listing." Id. (emphasis added). Review of Plaintiff's reply papers provides further statements of concession that Plaintiff failed to meet the requirements of any Listings. See, e.g., ECF 13 at 4-5 ("By the time of the hearing, however, **his condition had deteriorated to the point that he was on a clear trajectory to meeting a listing even on the basis of digestive disorders alone**. . . . Moreover, his seizure disorder compounded his condition to the point that the combination of severe conditions equaled a listing. . . . At that rate of weight loss, **he was likely to meet a listing on digestive disorders alone by early 2016.**") (emphasis added).

"[T]o qualify for benefits by showing that an impairment, or combination of impairments, is equivalent to a listed impairment, Plaintiff bears the burden of presenting 'medical findings equivalent in severity to all the criteria for the one most similar impairment.'" Brown v. Colvin, No. 3:16-CV-1123, 2017 U.S. Dist. LEXIS 211895, at *21-22 (M.D. Pa. Dec. 27, 2017) (citing Sullivan v. Zebley, 493 U.S. 521, 531 (1990); 20 C.F.R. §416.920(d)). "An impairment, no matter how severe, that meets or equals only some of the criteria for a listed impairment is not sufficient." Id. (citation omitted). Plaintiff's brief does not at any point identify a specific listing and point to specific evidence that demonstrates equivalency to that listing. Plaintiff references digestive disorders, but fails to point to any specific listing that Plaintiff meets. "Step 3 arguments by Social Security claimants must meet exacting legal standards." Brown v. Colvin, No. 3:16-CV-1123, 2017 U.S. Dist. LEXIS 211895, at *21. Here, Defendants correctly note that Plaintiff himself concedes he fails to meet any of the Listings. Moreover, Plaintiff failed to even raise these arguments, that his impairments in combination equal a Listing, before the ALJ. This alone is a basis to reject this argument. Plaintiff does not show how the evidence of record supports a different determination at step three. As in Rutherford v. Barnhart, 399 F.3d 546, 553

(3d Cir. 2005), "a remand is not required here because it would not affect the outcome of the case."

Plaintiff next argues that, at step four, the ALJ's residual functional capacity determination is not supported by substantial evidence, as the medical expert consulted, Dr. John W. Axline, was unqualified to give testimony as to Plaintiff's pancreatitis and seizure disorder. Plaintiff, however, offers no law to support the proposition that this Court, on appeal, may disqualify experts. Moreover, "the ALJ is not precluded from reaching RFC determinations without outside medical expert review of each fact incorporated into the decision." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 362 (3d Cir. 2011). Under Third Circuit law, the reviewing court is not "empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992). If the ALJ's findings of fact are supported by substantial evidence, this Court is bound by those findings, "even if [it] would have decided the factual inquiry differently." Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Plaintiff's expert disqualification argument attempts an end run around the law's prohibition on re-weighing the evidence. This Court finds that the ALJ's residual functional capacity determination is supported by substantial evidence.

For the foregoing reasons, this Court finds that the Commissioner's decision is supported by substantial evidence. Plaintiff has failed to persuade this Court that the ALJ erred in her decision or that he was harmed by any errors. The Commissioner's decision is affirmed.

    s/ Stanley R. Chesler
    STANLEY R. CHESLER
    United States District Judge

Dated: January 15, 2019